## In re BUCHHOLTZ.

### No. 2845.

Court of Customs and Patent Appeals.

Feb. 1, 1932.

Sturtevant & Mason, of Washington, D. C. (Herbert H. Porter, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal is taken from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Primary Examiner in rejecting, for want of invention over the prior art, all of the claims of appellant's application, filed on June 24, 1921, numbered 1 to 13, inclusive.

Claims 1 and 7 are illustrative of the claims in issue and read as follows:

"1. The method of controlling traffic along intersecting streets which comprises signalling at alternate intersections on each street for traffic thereon to proceed and cross-traffic to halt, signalling at the interposed intersections along each street for traffic thereon to halt and the cross-traffic to proceed, and simultaneously reversing all of said signals at time intervals proportionate to the time required for a vehicle to travel between adjacent signals at the allowed speed.

"7. A signal system for controlling traffic along a highway comprising signal stations spaced along said highway, forming traffic control blocks therebetween, a signal at each station capable of giving 'Stop' and 'Go' indications and means for controlling the alternate exhibition of said 'Stop' and 'Go' indications to give to the driver of a vehicle traveling at the speed permitted on said highway a 'Go' signal at each station.

The references relied upon are: Sirrine, 976,939, November 29, 1910; Proceedings of the Eighth National Conference on City Plan-

ning, Cleveland, June 5–7, 1916, pp. 88, 89; The Signal Engineer, vol. 1, p. 459 et seq.

Other references were cited by the Examiner, but not relied upon by the Board of Appeals.

As will be gathered from the quoted claims, the application involves an arrangement of traffic signals at all intersections along a given street; they are so set that at any one time every alternate signal will be the same, as for example, "Go," while at the same time the signals at the intermediate intersections will present the "Stop" sign. Also, the signals presented to traffic on the intersecting streets will be the opposite of that shown at such intersections to traffic on the street first referred to. All signals are changed at the same time, so that all those previously set at "Go" will, upon the change being made, be set at "Stop," and vice versa. The length of time that the signals are maintained is adjusted so that, in theory, a car starting across an intersection when it presents the "Go" signal, if operated at the allowed speed, will not arrive at the next intersection before the signal at that intersection has changed to "Go," thus permitting an uninterrupted passage along said street.

The patent to Sirrine shows a system of traffic signals at the intersections along a given street in which all of the signals are identical at any given time, thus permitting the flow of traffic along said street throughout its length, while traffic on all cross streets is suspended. Upon the signals being simultaneously changed, traffic along the street first above mentioned is suspended at the various intersections, and traffic is then permitted along all the intersecting streets.

The reference publication, "Proceedings of the Eighth National Conference on City Planning, contains a statement by a Mr. John P. Fox, suggesting a street traffic system described as " * * * having a synchronous system of signals, which will change *successively* from safety to danger along the avenues so that vehicles will run along the avenues at a uniform speed in groups, with twenty second intervals between. *In those intervals the cross traffic can pass or make turns, without delaying the main line of traffic.*" (Italics ours.)

Both the Examiner and the Board of Appeals rejected the claims in issue as unpatentable over Sirrine, in view of the above-quoted statement.

Appellant contends that the above-quoted statement is readable literally on Sirrine and adds nothing to it, and that Sirrine does not disclose a system of traffic signals in which the setting of each signal is opposite to that at the next intersection. He contends that "successively" in the quoted matter means that all the lights in the system referred to will be at one time set at "Go" and, after a time interval, all will be changed to read "Stop."

Upon this point, we quote as follows from the brief of the solicitor of the Patent Office:

"In Webster's dictionary 'successively' is not defined, otherwise than being indicated as an adverb. The corresponding adjective 'successive' is defined by Webster, however, as 'following one after another in a line or series.' A system of signals changing *simultaneously* from *Stop* to *Go* (or from *Go* to *Stop*), as in Sirrine and appellant's example [an example by appellant which he argues shows the Sirrine patent structure operating as taught by Fox], can not be said to be changed 'following one after another in a line or series,' that is, *successively*. For signals to change 'successively from safety to danger along the avenues,' as stated by Fox, it appears, according to the dictionary meaning of *successively*, that one signal 'must change from safety to danger, then thereafter the next signal along the avenue must change from safety to danger, and so on along the line or series of signals. * * *" (Italics quoted.)

We consider that this discussion of the point is sound, and do not deem it necessary to add anything to it. Furthermore, we call attention to the last sentence quoted from the reference publication, as follows: " * * * In those intervals the cross traffic can pass or make turns, without delaying the main line of traffic."

If, as appellant contends, the statement by Fox is merely a restatement of the method disclosed by Sirrine, we can see no consistency between this interpretation of the publication reference and the language last above quoted. Clearly, if along a given street all signals read "Stop" at the same time, as disclosed by Sirrine, it cannot be said that traffic on intersecting streets can pass or make turns *without delaying the main line of traffic.* To our mind, this last sentence is clearly confirmatory of the view of the Fox statement which was adopted by the tribunals of the Patent Office, and is clearly indicative that what was intended to be suggested by the preceding language was a system of staggered traffic signals. Appellant's contention that the language last above quoted means

that the main line of traffic may continue to move between intersections while the cross traffic is passing is not persuasive, because that would be true under any system of traffic signals.

As we are clear that the two references to which we have adverted negative the invention claimed by appellant, it is unnecessary to consider other matters argued by him relating to other references.

The decision of the Board of Appeals is affirmed.

Affirmed.